G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030
F: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
ANDREW HOWARTH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HOWARTH, <br><br> Plaintiff, <br><br> RESORT RECOVERY SOLUTIONS, LLC; DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** <br><br> **Demand Does Not Exceed $10,000** |

## COMPLAINT

### *I.   INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Andrew Howarth, an individual consumer, against Defendant, Resort Recovery Solutions, LLC, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II.   JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. *PARTIES*

3. Plaintiff, Andrew Howarth, is a natural person with a permanent residence in Long Beach, Los Angeles County, California 90801.

4. Upon information and belief, the Defendant, Resort Recovery Solutions, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in 2535 Camino Del Rio South, Suite130, San Diego County, San Diego, California 92108. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. *FACTUAL ALLEGATIONS*

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

8. Within one (1) year preceding the date of this Complaint, Defendant, in

connection with the collection of the alleged debt, contact Plaintiff and demanded almost an additional $2,000.00 beyond the alleged debt from the Plaintiff as part of Defendant's fee, which is almost triple the amount of the alleged debt.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by harass Plaintiff and charging a fee that was almost triple the alleged debt.

## V.     1st CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

  (c) Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, or legal status of the alleged debt; and

  (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

  (e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

  (f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Andrew Howarth, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### VI. *2nd CLAIM FOR RELIEF*

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to the following:

  (a) Defendant violated *§1788.17* of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is

COMPLAINT
- 4 -

> not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Resort Recovery Solutions, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Andrew Howarth, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

DATED:  March 31, 2014    **PRICE LAW GROUP APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorney for Plaintiff*